**ORIGINAL**

# In the United States Court of Federal Claims

No. 16-1546C
(Filed: April 13, 2017)

```
* * * * * * * * * * * * * * * * * * * * * * * * *
                                                *
RONALD CHARLES VROOMAN,                         *
                                                *
            Plaintiff,                          *
                                                *
     v.                                         *
                                                *
THE UNITED STATES,                              *
                                                *
            Defendant.                          *
                                                *
* * * * * * * * * * * * * * * * * * * * * * * * *
```

**FILED**

APR 1 3 2017

U.S. COURT OF
FEDERAL CLAIMS

## ORDER OF DISMISSAL

**WILLIAMS**, Judge.

This matter comes before the Court on Defendant's motion to dismiss. For the reasons stated below, Defendant's motion to dismiss is granted.

### Background[1]

Plaintiff pro se Ronald Charles Vrooman is a United States citizen and resident of Oregon. Plaintiff challenges the conduct of the Beaverton Municipal Court, the city of Beaverton, Washington County, and the state of Oregon in connection with his arrest and incarceration. Compl. 1-2. Plaintiff alleges he was physically harmed and threatened with further prosecution without jurisdiction. Id. at 2. Plaintiff seeks an unspecified amount of damages invoking 18 U.S.C. § 3571. Id. at 1.

### Discussion

Plaintiff has the burden of establishing subject-matter jurisdiction in this Court. See Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988). The Court must dismiss the action if it finds subject-matter jurisdiction to be lacking. Adair v. United States, 497 F.3d 1244, 1251 (Fed. Cir. 2007). The Court assumes all factual allegations as true, and will

---

[1] This background is derived from Plaintiff's complaint.

construe the complaint in a manner most favorable to the Plaintiff when ruling on a motion to dismiss pursuant to Rule 12(b)(1). Pennington Seed, Inc. v. Produce Exch. No. 299, 457 F.3d 1334, 1338 (Fed. Cir. 2006).

The filings of pro se litigants are held to "'less stringent standards than formal pleadings drafted by lawyers.'" Naskar v. United States, 82 Fed. Cl. 319, 320 (2008) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)). However, pro se plaintiffs still bear the burden of establishing the Court's jurisdiction and must do so by a preponderance of the evidence. See Reynolds, 846 F.2d at 748; Tindle v. United States, 56 Fed. Cl. 337, 341 (2003).

The Tucker Act, 28 U.S.C. § 1491(a)(1) (2012), provides that this Court

> shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

The Tucker Act is not money-mandating, but rather is a jurisdictional statute. United States v. Testan, 424 U.S. 392, 398 (1976). To establish jurisdiction, a plaintiff must seek money damages under a source of substantive law. "[T]he claimant must demonstrate that the source of substantive law he relies upon 'can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained.'" United States v. Mitchell, 463 U.S. 206, 216-17 (1983) (quoting Testan, 424 U.S. at 400); see Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin., 525 F.3d 1299, 1306 (Fed. Cir. 2008) ("[A] plaintiff must identify a separate source of substantive law that creates the right to money damages." (internal quotations omitted)).

Plaintiff names the following entities as Defendants in this matter: Beaverton Municipal Court, the city of Beaverton, Washington County, and the state of Oregon. Compl. 1. The only proper defendant in this Court is the United States. United States v. Sherwood, 312 U.S. 584, 588 (1941); Berdick v. United States, 612 F.2d 533, 536 (Ct. Cl. 1979). To the extent that Plaintiff alleges claims against parties other than the United States, this Court lacks jurisdiction to entertain those claims.

Plaintiff's complaint generally references the First, Seventh, and Fourteenth Amendments, as well as 18 U.S.C. § 3571 and Federal Rule of Civil Procedure 17(b)(3)(A), which is identical to Rule 17(b)(3)(A) of the Rules of the United States Court of Federal Claims. However, these provisions do not provide a basis for jurisdiction in this Court. So. Cal. Darts Ass'n v. Zaffina, 762 F.3d 921, 930 (9th Cir. 2014) (stating that Rule 17(b)(3)(A) "does not define or create any substantive rights"); LeBlanc v. United States, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (finding that the Fourteenth Amendment does not form "a sufficient basis for jurisdiction because [it does] not mandate payment of money by the government"); Joshua v. United States, 17 F.3d 378, 379 (Fed. Cir. 1994) (stating that this Court does not have jurisdiction over criminal matters); Featheringill v. United States, 217 Ct. Cl. 24, 33 (1978) (holding that the First Amendment does not mandate the payment of money and may not serve as a jurisdictional basis for plaintiff's lawsuit); Abbas v. United States, 124 Fed. Cl. 46, 55-56 (2015) (finding that this Court does not have jurisdiction over claims brought pursuant to the Seventh Amendment).

Finally, Plaintiff appears to be challenging a previous arrest and incarceration by either the city of Beaverton or the state of Oregon, however this Court does not have the authority to review decisions rendered by state courts. Schweitzer v. United States, 82 Fed. Cl. 592, 596 (2008) (finding that this Court does not have jurisdiction to consider claims relating to "indictments, arrests, prosecutions, convictions, imprisonment, or parole"); Landers v. United States, 39 Fed. Cl. 297, 301 (1997).

## Conclusion

Defendant's motion to dismiss is **GRANTED**. The Clerk is directed to dismiss this action.

*Mary Ellen Coster Williams*
**MARY ELLEN COSTER WILLIAMS**
**Judge**